# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00240-MR-WCM

| | |
|---|---|
| FARRON BUNCH and BRENDA BUNCH, ) ) ) Plaintiffs, ) ) vs. ) ) SWITCHCARS, INC. and ) DOUGLAS ARTHUR TABBUTT, ) ) Defendants. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Voluntary Dismissal Without Prejudice or in the Alternative Extend Trial Date, Amend the Pretrial and Case Management Order and Reopen Discovery [Doc. 19].

## I.  PROCEDURAL BACKGROUND

On May 3, 2022, Plaintiffs Farron Bunch and Brenda Bunch filed this action against Defendants Switchcars, Inc., and Douglas Arthur Tabbutt in Graham County Superior Court alleging claims of negligence arising from a motor vehicle accident that occurred on October 3, 2021.  [Docs. 1-1, 1-2]. The Defendants filed an answer in state court on August 8, 2022.  [Doc. 1-

3]. On November 10, 2022, the Defendants removed this case from Graham County Superior Court to this Court based on federal diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1].

On December 14, 2022, the Court entered a Pretrial Order and Case Management Plan, setting a discovery deadline of September 11, 2023. [Doc. 5]. The Pretrial Order also set a motion deadline of October 11, 2023, and scheduled trial for March 11, 2024. [Id.]. On July 3, 2023, the Plaintiffs filed an Amended Complaint [Doc. 13], and on July 17, 2023, the Defendants filed an Answer [Doc. 15]. On September 15, 2023, the Plaintiffs filed a "Notice of Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A)(i)." [Doc. 16]. On September 26, 2023, this Court entered an Order disregarding the filing as procedurally improper. [Doc. 18].

On October 11, 2023, the Plaintiffs filed this Motion requesting that the Court enter an Order allowing them to voluntarily dismiss their case under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. [Doc. 19]. In the alternative, the Plaintiffs are requesting the Court to continue the trial date, modify the pretrial case management order, and reopen discovery. [Id.]. On October 25, 2023, the Defendants filed a Response in Opposition to the Plaintiffs' Motion. [Doc. 20].

Having been fully briefed, this matter is now ripe for disposition.

## II. DISCUSSION

### A. Voluntary Dismissal

Under the Federal Rules of Civil Procedure, a plaintiff has an absolute right to dismiss an action without prejudice at any point until the defendant either answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1). Otherwise, dismissal is permitted only by court order "on terms that the court considers proper" or by stipulation of the parties. Fed. R. Civ. P. 41(a)(2); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

The Fourth Circuit has made clear that a plaintiff's motion for a dismissal without prejudice "should not be denied absent *substantial* prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986) (emphasis added). As the Fourth Circuit has stated:

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice.

Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

In determining whether to grant a plaintiff's motion to dismiss, the Court should consider the following factors: (1) "the opposing party's effort and

3
Case 1:22-cv-00240-MR-WCM   Document 21   Filed 11/16/23   Page 3 of 6

expense in preparing for trial"; (2) "excessive delay and lack of diligence on the part of the movant"; (3) "insufficient explanation of the need for a voluntary dismissal"; and (4) "the present stage of litigation." Miller v. Terramite Corp., 114 Fed. App'x 536, 539 (4th Cir. 2004).

Here, voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) is not available to the Plaintiffs because the Defendants have already answered the complaint. However, even if the Plaintiffs had moved, as would have been procedurally proper, under Rule 41(a)(2), this Court would still deny the voluntary dismissal under the Miller factors. The Defendants have all but completed pretrial discovery, and dismissal at this stage would render their efforts useless. Furthermore, the Plaintiffs have not sufficiently explained in their Motion the need for a voluntary dismissal, and this case has been pending before this Court for over a year and is set for trial in less than five months. For these all these reasons, the Plaintiffs' Motion for Voluntary Dismissal will be denied.

### B. Alternative Relief

The Plaintiffs, in the alternative, move for the Court to extend the trial date, amend the pretrial case management order, and reopen discovery. [Doc. 19 at 1]. As grounds, the Plaintiffs argue they have been diligent with discovery but have been unable to schedule depositions with the

4
Case 1:22-cv-00240-MR-WCM   Document 21   Filed 11/16/23   Page 4 of 6

Defendants. [Id. at 2]. In response, the Defendants assert only that depositions need not be scheduled through counsel and that the Plaintiffs waited until after mediation was complete to schedule their depositions. [Doc. 20 at 8].

Modification of a deadline set forth in a case management order is governed by Rule 16(b)(4), which provides that a scheduling order can be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The Rule 16(b) "good cause" standard focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party. Hawkins v. Leggett, 955 F. Supp. 2d 474, 498 (D. Md. 2013), *aff'd sub nom.*, In re Canarte, 558 Fed. App'x 327 (4th Cir. 2014). The primary consideration is the diligence of the moving party. Montgomery v. Anne Arundel Cty., Maryland, 182 Fed. App'x 156, 162 (4th Cir. 2006) (*per curiam*).

Here, the Plaintiffs have shown facts sufficient to support a finding of good cause to modify the discovery deadline. The Plaintiffs appear to have been diligent in attempting to schedule their depositions, and waited until after mediation was completed for reasons of efficiency. Furthermore, allowing the Plaintiffs additional time to complete depositions would not be prejudicial to the Defendants.

As such, the Court will reopen the discovery period for thirty days in order for the parties to complete depositions. The dispositive motions deadline and trial date will remain the same.

## ORDER

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion for Voluntary Dismissal Without Prejudice or in the Alternative Extend Trial Date, Amend the Pretrial and Case Management Order and Reopen Discovery [Doc. 19] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the discovery period is **REOPENED** for thirty days from the entry of this Order. All other deadlines in this matter, including the dispositive motions deadline and the trial date, remain unchanged. In all other respects, the **MOTION** is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 16, 2023

*/s/ Martin Reidinger*
Martin Reidinger
Chief United States District Judge